UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY BARKER COUGHLIN,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MCGILLIVRARY,<br><br>Defendant. | Case No. 24-cv-03420 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; TERMINATING PENDING MOTIONS**<br><br>(Docket Nos. 2, 6) |

On June 6, 2024, Plaintiff, a state prisoner, filed a 24-page typewritten document which was construed as an attempt to file a civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. On the same day, the Clerk sent Plaintiff a notice that he had to file a proper complaint using the court form, as well as a separate notice that the IFP application was deficient. Dkt. Nos. 3, 4. The notices directed Plaintiff to file the complaint and a complete IFP motion within twenty-eight days or face dismissal. Id.

A few days later, Plaintiff filed a motion for a temporary restraining order. Dkt. No. 6. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). A TRO may be granted under Rule 65(b) without written or oral notice to the adverse party or that party's attorney

*only if*: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Here, no proper complaint has been filed and no defendant has yet been served in this action. Furthermore, Plaintiff does not indicate in the motion that he has made any efforts to notify even one potential defendant of the claims in this matter under Rule 65(b), or give any reason why notice should not be required. Accordingly, the motion for a TRO must be denied.

The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff has also failed to establish all the factors under *Winter* to warrant a TRO. First of all, he has filed no proper complaint and therefore, there are no cognizable claims in this action. Plaintiff cannot establish likelihood of success on the merits if there are no cognizable claims. Having failed to establish all the *Winter* factors, it cannot be said that Plaintiff has established *by a clear showing* that he merits the granting of the extraordinary remedy of a preliminary injunction or TRO. *See Lopez*, 680 F.3d at 1072. Accordingly, Plaintiff's motion for a TRO is DENIED. Dkt. No. 6.

The deadline has passed, and Plaintiff has not filed a proper complaint or a complete IFP application.  Accordingly, Plaintiff's case is **DISMISSED** without prejudice for failure to file a complaint and to pay the filing fee.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated:  __**August 5, 2024**_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.24\03420Coughlin_dism-compl&ifp

3